1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EDWARD CLAYTON WHITTAKER,              Case No.  2:25-cv-1862-TLN-JDP (PS)

12                  Plaintiff,

13            v.                             ORDER

14    CHRISTINE CARRINGER, *et al.*,

15                  Defendants.

16

17          Plaintiff brings this action against Judges Christine Carringer, Christine Donovan,

18    Stephanie Grogan-Jones, and mediator Darlene Woodcock.  His complaint fails to state a claim

19    and is therefore dismissed.  I will give plaintiff leave to amend to file an amended complaint that

20    better explains the factual basis for his claims.  I will also grant his application to proceed *in*

21    *forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and

22    (2).

23                          **Screening and Pleading Requirements**

24          A federal court must screen the complaint of any claimant seeking permission to proceed

25    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

28    relief.  *Id.*

                                           1

1

2    A complaint must contain a short and plain statement that plaintiff is entitled to relief,

3    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

4    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

5    require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

6    662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

7    possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

8    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

9    1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

10   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

11   n.2 (9th Cir. 2006) (en banc) (citations omitted).

12   The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

13   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

14   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

15   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

16   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

17   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

18   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

19   **Analysis**

20   Plaintiff alleges that defendants violated his Fourteenth Amendment rights by conspiring

21   to keep him away from his children. ECF No. 1 at 5. Plaintiff claims that defendants accused

22   him of abusing his children and being a drug addict. *Id.*

23   As an initial matter, plaintiff's limited allegations are insufficient to put defendants and

24   the court on notice of plaintiff's claims and the factual basis for such claims. *See Jones v. Cmty.*

25   *Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some

26   degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

27   Plaintiff does not allege in any factual allegations regarding the context of defendants' wrongful

28   conduct.

2

But a more fundamental issue plagues the complaint:  It appears that plaintiff may be attempting to bring claims against defendants based on actions they took in their judicial or quasi-judicial capacities.  If that is the case, those claims would likely fail.  "[J]udges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr. Crt. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Mediators enjoy the quasi-judicial immunity while acting within the scope of their authority.  *See Sacks v. Dietrich*, 663 F.3d 1065 (9th Cir. 2011); *Davenport v. Winley*, 314 F. App'x 982 (9th Cir. 2009); *Secress v. Ullman*, 147 F. App'x 636, 638 (9th Cir. 2005) (finding that the district court properly dismissed the private mediator appointed by the court because the mediator enjoyed quasi-judicial immunity).

Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed.  Plaintiff should also take care to add specific factual allegations against defendant.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.


Dated:   July 16, 2025                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE