UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD CLAYTON WHITTAKER,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE CARRINGER, *et al.*,<br><br>Defendant. | Case No. 2:25-cv-1862-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this action against three state court judges—defendants Christine Carringer, Christine Donovan, Stephaine Grogan-Jones—and a mediator, defendant Darlene Woodcock. Like his earlier complaint, plaintiff's first amended complaint fails to state a claim. I recommend that the amended complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The amended complaint's limited allegations indicate that plaintiff seeks to challenge orders issued in a state court proceeding. Plaintiff alleges that the defendants "continued to make judgments in [the] case although they had no jurisdiction." ECF No. 8 at 4. He also appears to allege that defendants denied his request to move the case to a different county. *Id.* at 8.

These limited allegations are insufficient to put defendants and on notice of plaintiff's claims and the factual basis for such claims. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Although plaintiff does not identify the specific claim he is attempt to allege, it is apparent that he seeks to hold defendants liable for actions they took in their judicial or quasi-judicial capacities. "[J]udges are absolutely

1   immune from civil liability for damages for their judicial acts," *Mullis v. U.S. Bankr. Crt. For*
2   *Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987), while mediators enjoy the quasi-judicial
3   immunity while acting within the scope of their authority, *see Sacks v. Dietrich*, 663 F.3d 1065
4   (9th Cir. 2011). Accordingly, defendants are immune from liability for any claim for damages.

5   Plaintiff's amended complaint contains the same deficiency as his original complaint, *see*
6   ECF Nos. 1 & 3, and I therefore find that granting further opportunities to amend would be futile.
7   *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a
8   pro se complaint without leave to amend is proper only if it is absolutely clear that the
9   deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and
10  citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466,
11  1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith,
12  prejudice, and futility."). Accordingly, I recommend the amended complaint be dismissed
13  without leave to amend.

14  Accordingly, it is hereby RECOMMENDED that:

15  1. Plaintiff's amended complaint, ECF No. 8, be DISMISSED without leave to amend.

16  2. The Clerk of Court be directed to close the case.

17  These findings and recommendations are submitted to the United States District Judge
18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
19  service of these findings and recommendations, any party may file written objections with the
20  court and serve a copy on all parties. Any such document should be captioned "Objections to
21  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
22  within fourteen days of service of the objections. The parties are advised that failure to file
23  objections within the specified time may waive the right to appeal the District Court's order. *See*
24  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
25  1991).

IT IS SO ORDERED.

Dated:    December 19, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4